# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMARTMATIC USA CORP., ) <br> SMARTMATIC HOLDING B.V., AND ) <br> SGO CORPORATION LIMITED, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> HERRING NETWORKS, INC., D/B/A ) <br> ONE AMERICA NEWS NETWORK, ) <br> ) <br> Defendant. ) | Case No. 7:23-mc-00469 <br><br> CASE PENDING IN DISTRICT OF COLUMBIA: <br> Civil Action No. 1:21-cv-02900-CJN |

### DECLARATION OF BETHANY SHAH IN SUPPORT OF
### OAN'S MOTION TO COMPEL THIRD PARTY GEORGE SOROS
### TO COMPLY WITH RULE 45 SUBPOENA

I, Bethany Shah, declare as follows:

1. I am over the age of 21 and competent to make this declaration. I am an attorney at the law firm of Jackson Walker LLP, and am counsel for Defendant Herring Networks, Inc., d/b/a One American News Network ("OAN") in the matter pending in the United States District Court for the District of Columbia captioned *Smartmatic USA Corp. et al. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN. I have personal knowledge of the facts stated in this declaration and those facts are true and correct. I submit this Declaration in support of OAN's Motion to Compel Third Party George Soros to Comply with Rule 45 Subpoena.

2. George Soros ("Soros") is a billionaire who has contributed financially to a variety of progressive and left-leaning causes—including through his intermediary fundraising network, Open Society Foundations. A search of Smartmatic's complaint against OAN results in 44 hits for "Soros" and 15 hits for "Open Society." Moreover, "Soros" appears in 13 unique statements alleged by the complaint to be defamatory, *see* Complaint ¶¶ 93, 95–97, 99, 102, 104, 105–06,

113, 129, 131, 171(cc); and "Open Society" appears in 5 unique statements, *see id.* ¶¶ 93, 99, 111, 131, 171(cc).

3.      On July 6, 2023, the United States District Court for the District of Columbia issued a document subpoena to Soros. The subpoena asked for documents responsive to twenty-three requests for production.  On July 10, 2023, Casey Donnelly of Willkie Farr & Gallagher LLP offered to accept service on behalf of her firm's client, Soros, in exchange for an extension to August 7, 2023. OAN accepted the offer, granting the extension to August 7. On July 28, 2023, Soros requested another extension, and OAN extended the deadline to August 10, 2023. A true and correct copy of these communications is attached as Exhibit F.

4.      Soros served a response and objections to OAN on August 10, 2023. A true and correct copy of Soros's response and objections is attached as Exhibit D. In them, Soros agreed to search for and produce documents responsive to 5 of the 23 requests insofar as they related to what Soros deemed the "Relevant Issues"  in the action. Exhibit D, at 16–17, 26–27, 33–34. The "Relevant Issues," according to Soros, consist of: "(i) statements regarding the 'links' between Smartmatic and Mr. Soros," provided  OAN can "demonstrate" to Soros that the link was disputed by Smartmatic; and "(ii) statements concerning Mr. Soros's alleged funding or ownership of Smartmatic." Exhibit D, at 2.

5.      On September 19, 2023, with the fact-discovery deadline approaching, and having received no documents from Soros, despite his representation that he would be producing documents, I sought a meet-and-confer with Soros's counsel.  A true and correct copy of my email correspondence with counsel for Soros is attached as Exhibit G.

6.      On September 27, 2023, I spoke with counsel for Soros.  During that call, Soros's counsel conceded the relevance of certain inquiries concerning Soros, including documents related

to the funding or ownership of Smartmatic and the relationship between Soros and Mark Malloch-Brown. Related to the funding issue OAN, informed Soros that it was aware of documents related to Soros's advancement and support of Smartmatic's business opportunities and that these documents would be responsive to OAN's subpoena. Counsel for Soros also agreed to consider search terms OAN proposed.

7. Following the call, on October 16, 2023, I sent an email proposing one page of four narrow search queries for Soros to use in identifying and producing documents responsive to the requests. *See* Exhibit G. A true and correct copy of the proposed search queries I sent to Soros is attached as Exhibit H. I asked for a demonstration of burden "by identifying how many responsive documents these terms hit on" in the event Soros found the search queries too broad. *See* Exhibit G. I also asked for another meet-and-confer on the terms. *See* Exhibit G.

8. On October 23, 2023, having received no response from Soros, I followed up with counsel and reiterated my request for another meet-and-confer. *See* Exhibit G. In response, counsel for Soros asked for an explanation of fourteen of the terms used in OAN's proposed search queries. *See* Exhibit G. I responded by explaining the meaning of the fourteen terms and their relevance and by citing to the paragraphs in Smartmatic's complaint against OAN that show why these terms are relevant. *See* Exhibit G. I also asked counsel for a time that worked the following week for an additional meet-and-confer. *See* Exhibit G.

9. On November 8, 2023, Soros responded, refusing to run OAN's search term proposal and failing to provide any counter proposal. *See* Exhibit G. In an attempt to walk back his earlier concession that certain requests were relevant and his former representation that he would produce documents responsive to these requests, Soros cited a discovery ruling by a different judge in Smartmatic's different lawsuit against Fox Corporation, and now refused to

3

produce *any* documents or even run OAN's search terms. Soros also said that the proposed search terms "contain more than 2,500 search terms." See Exhibit G. I responded, distinguishing the litigation against OAN from the litigation against Fox, and asked for a hit report "so that we can see what might be causing these numbers," and expressed disbelief with "how our proposal of 4 search strings can result in 2,500 terms." See Exhibit G. I additionally explained that Soros had already conceded the relevance of certain inquiries and that, "[i]f there are certain terms that are driving up this number, we'd request more information on that so that we can work to narrow this for you." See Exhibit G.

10. On November 17, 2023, Soros responded, again resting on his laurels in the Fox case and asserting that each of OAN's four proposed search strings "had approximately a dozen of terms, each linked with an 'and' connector to even more terms. When you break those out, it amounts to more than 2,500 individual searches you have asked us to run." See Exhibit G. Despite OAN's request for evidence of these search terms and a hit report, Soros refused to provide any evidence other than this bare assertion, stating that "[no] further discussion about search terms is appropriate or productive at this stage." See Exhibit G.

11. Despite my efforts to work with Soros to identify acceptable search terms and alleviate any alleged burden, Soros refused to engage or provide any evidence of his purported burden or even offer a counter-proposal.

12. To this day, Soros has yet to produce documents responsive to the July 6 subpoena or provide a date for when he will do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 5, 2023.

_____
Bethany P. Shah