# Exhibit B

Case 1:23-mc-00138-CJN-MAU   Document 2-2   Filed 12/05/23   Page 2 of 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| Smartmatic USA Corp., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-02900 |
| Herring Networks, Inc. d/b/a One America News Network | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: George Soros
178 Cantitoe Street, Katonah, NY 10536

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Chait Digital Reporting<br>75 South Broadway, 4th Floor<br>White Plains, New York 10601 | Date and Time:<br>07/28/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/06/2023

*CLERK OF COURT*

OR

_____          /s/ Bethany Shah
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Herring Networks, Inc. d/b/a One America News Network, who issues or requests this subpoena, are:
Bethany Shah, bpickett@jw.com, 1401 McKinney Ave, Suite 1900, Houston, TX 77010

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-02900

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

1.  "2020 Election in the United States" shall mean any election held in the United States on November 3, 2020, including the U.S. Presidential Election and all voting and related events occurring up to the certification of votes on January 6, 2021, and any down-ballot races or primary elections.

2.  The word "and" includes the disjunctive "or," and the word "or" includes the conjunctive "and." Words in the singular shall be interpreted to include the plural, and words in the plural shall be interpreted to include the singular. A masculine, feminine or neuter form of a word shall be interpreted to include the other genders. The use of any tense of any verb shall be interpreted to include all other tenses.

3.  "Communication" means any written, electronic, or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog post, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted orally, in writing, or by any electronic device.

4.  "Complaint" means Complaint filed in the action *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*, 1:21-cv-02900 (D.D.C.).

5.  "Defendant" and/or "Herring" means Defendant Herring Networks, Inc., d/b/a One America News Network.

6.  "Document" means any writing, graphic matter, or other tangible or digital thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports,

Communications (as defined above) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in Your possession, custody or control, or the possession, custody or control of any Your counsel, investors, agents, employees and/or Persons acting on Your behalf.

      7.    "Dominion Entity(ies)" means US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well all parents, subsidiaries, related or affiliated entities, successors and predecessors (including but not limited to Sequoia Voting Systems), officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Dominion Entities.

      8.    "Dominion Voting Systems Corporation" shall mean Dominion Voting Systems Corporation, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems Corporation.

9. "Dominion Voting Systems, Inc.," shall mean Dominion Voting Systems, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Dominion Voting Systems, Inc.

10. "Electronically Stored Information" or "ESI" shall mean originals and all copies of email; activity listings of email receipts and/or transmittals; voicemail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.  All ESI produced in response hereto should be produced in native format.

11. "Litigation" shall mean the above-captioned action, including without limitation all matters set forth in the Complaint, any answers, affirmative defenses, or counterclaims, and all additional pleadings, motions, discovery, affidavits, or other matter.

12. "OAN" shall mean One America News Network.

13. "Other Media Organizations" shall mean other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, *The Wall Street Journal*, *The New York Times*, MSNBC, *The Washington Post*, Fox News, Newsmax, *Politico*, *Vanity Fair*,

Media Matters, *Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald*, the *Times of San Diego* and *National Public Radio*.

14. "Person" shall mean a natural person or any business, company, corporation, association, partnership organization, or other legal entity.

15. The terms "relating to," "regarding," "demonstrating" and "supporting" shall mean having any connection, association or concern with, or any relevance, relation, pertinence or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

16. "SGO Corporation Limited" shall mean plaintiff SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of SGO Corporation Limited.

17. "Smartmatic Entity(ies)" shall mean plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of the Smartmatic Entities.

18. "Smartmatic International Holding B.V.," shall mean plaintiff Smartmatic International Holding B.V., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic International Holding B.V.

19. "Smartmatic USA Corp.," shall mean plaintiff Smartmatic USA Corp., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors,

partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of Smartmatic USA Corp.

20. "US Dominion, Inc.," shall mean US Dominion, Inc., as well all parents, subsidiaries, related and affiliated entities, successors and predecessors, officers, directors, partners, members, principals, employees, shareholders, agents, representatives, and/or any other Persons acting, or purporting to act, on behalf of US Dominion, Inc.

21. "You," "Your," "Yours" and/or "Soros" shall mean George Soros, and shall include any present or former employee, agent, accountant, attorney, expert and/or any other Persons acting, or purporting to act, on behalf of Soros.

22. Where a claim of privilege is asserted in responding or objecting to any discovery requested herein and information is not provided on the basis of such assertion, You shall, in Your response or objection, identify the nature of the privilege (including work product) which is being claimed. When any privilege is claimed, You shall, as to the Documents and/or information requested, whether:

 (a) any Documents exist or any Communications took place; and

 (b) provide the following information for each such Document or Communication in a "privilege log" or similar format:

  (i) the type of Document or Communication;

  (ii) the general subject matter of the Document or Communication;

  (iii) the date of the Document or Communication;

  (iv) the author(s) of the Document or participants in the Communication;

  (v) the addressee(s) and any other recipient(s) of the Document; and

  (vi) the custodian of the Document, where applicable.

23. Unless otherwise indicated, the relevant time period for these Requests for Production is from January 1, 2011 to the present.

24. These Requests for Production are continuing in nature and require supplemental response if You obtain further information between the time of compliance and any hearing or trial in the above-captioned case.

25. These Requests for Production expressly do not seek production of images of voters' ballots, voter rolls, or any other Documents that would compromise voter confidentiality.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents and Communications between You and any Smartmatic Entity, agent, or individual working on behalf of Smartmatic Entities.

**REQUEST NO. 2:**

All Documents and Communications concerning any Smartmatic Entity, agent, or individual working on behalf of Smartmatic Entities.

**REQUEST NO. 3:**

All Documents and Communications between You and any Dominion Entity, agent, or individual working on behalf of Dominion Entities.

**REQUEST NO. 4:**

All Documents and Communications concerning any Dominion Entity, agent, or individual working on behalf of Dominion Entities.

**REQUEST NO. 5:**

All Documents and Communications between or concerning You and William E. Kennard.

**REQUEST NO. 6:**

All Documents and Communications between or concerning You and AT&T, Inc. and/or DIRECTV, LLC, agent or individual working on behalf of AT&T or DIRECTV, LLC.

**REQUEST NO. 7:**

All Documents and Communications related to any Smartmatic Entity's or Dominion Entity's connection to the governments of Venezuela, Kenya, the Philippines, China, or any other country outside of the United States.

**REQUEST NO. 8:**

All Documents and Communications concerning the 2020 Election in the United States relating to voting equipment or technology, including without limitation any concerns, criticisms, threats, or vulnerabilities relating to the 2020 Election.

**REQUEST NO. 9:**

All Documents and Communications concerning and between You and Lord Mark Malloch-Brown related to the 2020 Election, foreign elections, and Smartmatic Entities.

**REQUEST NO. 10:**

All Documents and Communications concerning and between You and Peter V. Neffenger related to the 2020 Election, foreign elections, and Smartmatic Entities.

**REQUEST NO. 11:**

All Documents and Communications between the Open Society Foundations, or any of Your organizations, and Smartmatic Entities or individuals working on behalf of Smartmatic Entities, including without limitation Lord Mark Malloch-Brown and Peter V. Neffenger.

**REQUEST NO. 12:**

All Documents and Communications relating to your donations, contributions, or support of any Smartmatic Entity, any Dominion Entity, and/or Sequoia Voting Systems, Inc. (or any other Sequoia entity).

**REQUEST NO. 13:**

All Documents and Communications concerning the Clinton Foundation or the Clintons related to any investment in voting equipment or technology, including but not limited to Smartmatic and Dominion Entities.

**REQUEST NO. 14:**

All Documents and Communications regarding issues or concerns raised regarding any electronic voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns regarding a potential election security breach, vulnerabilities, or vote tabulation errors.

**REQUEST NO. 15:**

All Documents and Communications concerning claims of election fraud, bribery, election hacking, and/or the improper or inaccurate tabulation or counting of votes in the 2020 Election in the United States.

**REQUEST NO. 16:**

All Communications with Other Media Organizations regarding Smartmatic Entities, Dominion Entities, the 2020 Election in the United States, or claims of election fraud, election hacking, and/or the improper or inaccurate tabulation or counting of votes.

**REQUEST NO. 17:**

All Documents and Communications related to U.S. Representative Carolyn Maloney's 2006 letters to the Secretary of the Treasury and any investigations conducted by the United States Department of Treasury's Committee on Foreign Investment in the United States ("CFIUS") of any Smartmatic Entity including, but not limited to, any sale or security agreements entered into by any Smartmatic Entity with any governmental agencies and any documents relating to any Smartmatic Entity's withdrawal from the CFIUS's investigation.

**REQUEST NO. 18:**

All Documents and Communications relating to any certification of the 2016 or 2020 Presidential Election in the United States.

**REQUEST NO. 19:**

All Documents and Communications relating to the business relationship between You, Your family members, or Your organizations and any Smartmatic Entity, Dominion Entity, and/or Sequoia Voting Systems, Inc. (or any other Sequoia entity), including but not limited to all oral agreements, written contracts, donations, investments, licensing agreements, and any other form of agreement.

**REQUEST NO. 20:**

All Documents and Communications between You and any governmental jurisdiction related to the investigation, review, or analysis of voting equipment or technology, and/or the 2020 Election in the United States.

**REQUEST NO. 21:**

All Documents and Communications between You and any government agency related to the investigation, review, or analysis of voting equipment or technology, and/or the 2020 Election in the United States.

**REQUEST NO. 22:**

All Documents and Communications produced, whether by cooperation or in response to any applicable subpoena or other discovery device related to Smartmatic Entities, Dominion Entities, or the 2020 Election in the United States.

**REQUEST NO. 23:**

All Documents and Communications related to payments, contributions, grants, gifts, or any other form of funding made by You in connection with the review, monitoring, oversight, or reporting on the 2020 Presidential Election, including all Documents and Communications identifying the recipients of such funding, dates of funding and the amount of funds provided.

**ATTORNEYS OF RECORD**

| | |
|---|---|
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>Telephone: (312) 212-4949<br>J. Erik Connolly<br>Nicole E. Wrigley<br>Michael E. Bloom<br>Lee B. Muench<br>Emily Newhouse Dillingham<br>Lauren C. Tortorella<br>Kathleen Watson Moss<br>James R. Bedell<br>Julie M. Loftus<br>econnolly@beneschlaw.com<br>nwrigley@beneschlaw.com<br>mbloom@beneschlaw.com<br>lmuench@beneschlaw.com<br>edillingham@beneschlaw.com<br>ltortorella@beneschlaw.com<br>kwatsonmoss@beneschlaw.com<br>jbedell@beneschlaw.com<br>jloftus@beneschlaw.com | Charles L. Babcock<br>cbabcock@jw.com<br>Nancy Hamilton<br>nhamilton@jw.com<br>John Edwards<br>Jedwards@jw.com<br>Joel Glover<br>jglover@jw.com<br>Bethany Pickett Shah<br>bpickett@jw.com<br>JACKSON WALKER LLP<br>1401 McKinney<br>Suite 1900<br>Houston, TX 77010<br><br>Jonathan Neerman<br>jneerman@jw.com<br>Carl Butzer<br>cbutzer@jw.com<br>Minoo Blaesche<br>mblaesche@jw.com<br>JACKSON WALKER LLP<br>2323 Ross Avenue<br>Suite 600<br>Dallas, TX 75201<br><br>R. Trent McCotter<br>BOYDEN GRAY & ASSOCIATES<br>801 17th Street NW, Suite 350<br>Washington, DC 20006<br>mccotter@boydengrayassociates.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |