# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------------ x
SMARTMATIC USA CORP., SMARTMATIC          :
INTERNATIONAL HOLDING B.V., and SGO       :
CORPORATIONS LIMITED,                     :
                                          :
                      Plaintiffs,         :
                                          :    Civil Action No.  1:21-cv-02900-CJN
              v.                          :
                                          :
HERRING NETWORKS, INC. D/B/A ONE          :
AMERICA NEWS NETWORK,                     :
                                          :
                      Defendant.          :
                                          :
------------------------------------------------------------ x
```

## RESPONSES AND OBJECTIONS OF NON-PARTY GEORGE SOROS TO DEFENDANT'S SUBPOENA DUCES TECUM

Pursuant to Fed. R. Civ. P. 45, non-party George Soros ("Mr. Soros") hereby responds and objects to the Subpoena Duces Tecum, dated July 06, 2023 (the "Subpoena"), served by Herring Networks, Inc. d/b/a/ One America News Network ("Defendants").  Service of these responses and objections is and shall be without prejudice to Mr. Soros's right to move to quash or for other relief with respect to the Subpoena.  Mr. Soros expressly reserves, and does not waive, his right to oppose any motion to compel any of the Documents or information requested in the Subpoena or move for a protective order denying, limiting, conditioning or regulating the use of the Subpoena.

## PRELIMINARY STATEMENT

Mr. Soros objects to the Subpoena because its Requests are not relevant to the claims or defenses of any party and/or not proportional to the needs of this case, and, thus, will not aid in resolving the issues in this case and/or the burden or expense of the proposed discovery outweighs its likely benefit.  The statements that Smartmatic has alleged are defamatory and that

form the basis for the claims and defenses in this Action are set forth in the Complaint.  *See* Compl. at ¶¶ 441, 456.  In sum and substance, Smartmatic accuses Defendants of publishing and/or republishing false statements and implications that Smartmatic attempted to fix, rig, and steal the 2020 U.S. election and that its election technology and software (i) was widely used in the 2020 U.S. election, including in contested states where claims of election fraud were made; (ii) was hacked or compromised during the 2020 U.S. election or while votes were sent abroad to be counted; and (iii) was designed to fix, rig, and steal elections and has been used to do so before.

The references to Mr. Soros, on the other hand, relate to limited topics. Specifically: (i) statements regarding the "links" between Smartmatic and Mr. Soros—namely, the undisputed fact that Lord Mark Malloch Brown, Chairman of Smartmatic's parent company, SGO, was at one point a board member of the Open Society Foundations Global Board; and (ii) statements concerning Mr. Soros's alleged funding or ownership of Smartmatic (the "Relevant Issues").  Accordingly, Mr. Soros will produce documents, if any, sufficient to show funding he has provided to Smartmatic and/or ownership interest he has, or has had, in Smartmatic, identified after a reasonable search.  In addition, if Defendants can demonstrate that Smartmatic is contesting that Lord Mark Malloch Brown once served as a Board Member of the Open Society Foundations Global Board, Mr. Soros will produce documents sufficient to prove the truth of that statement. Mr. Soros will not search for or produce any additional materials, as any such materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

In addition, Mr. Soros objects to the Subpoena in its entirety on the grounds that its service is an abuse of process that constitutes harassment of a non-party. The Complaint in this Action cites, within its hundreds of pages, only a handful of vague allusions, made by OANN personnel or their guests, to a purported "link" between Smartmatic and Mr. Soros.  This handful

of stray, imprecise remarks does not provide grounds for the broad requests served on Mr. Soros, a private non-party to this Action.  The alleged defamatory remarks, which are at most peripheral to this action, do not justify the expense required to respond to this Subpoena, nor do they provide a basis to obtain the personal and professional communications of Mr. Soros.

Mr. Soros responds to the Requests, including the definitions and instructions referenced therein, subject to the General Objections set forth below.  These limitations and objections, which form a part of the response to each individual request, are set forth here to avoid the repetition of restating them for various individual responses. For emphasis, certain of the General Objections may also be specifically referred to in the response to certain Requests.  Failure to repeat any General Objection in response to a particular Request is not a waiver of the General Objection.  A statement that Mr. Soros will produce documents and communications responsive to a particular Request is not a representation that such documents and communications exist and/or are in the possession, custody, or control of Mr. Soros, but rather that they will be produced if they are located in the course of a reasonable search.  Counsel agrees to meet and confer with Defendants regarding the Subpoena after service of these responses and objections.

## GENERAL RESPONSES AND OBJECTIONS

1.      Mr. Soros objects to the Subpoena to the extent that its Requests are not relevant to the claims or defenses of any party and/or not proportional to the needs of this case, and, thus, will not aid in resolving the issues in this case and/or the burden or expense of the proposed discovery outweighs its likely benefit, as described in the Preliminary Statement above.

2.      Mr. Soros objects to the Subpoena in its entirety on the grounds that it is unduly burdensome and oppressive to the extent that it seeks Documents that would require an unreasonable expenditure of time and resources to obtain and would impose unreasonable expense upon Mr. Soros to comply.

3.      To the extent Mr. Soros produces any Documents responsive to the Subpoena, he will do so on the condition that Defendants agree to reimburse Mr. Soros in full for all expenses (including attorney's fees and disbursements) he reasonably incurs in complying with any aspect of the Subpoena, consistent with Fed. R. Civ. P. 45.  Mr. Soros expressly reserves his right to seek reimbursement from Defendants for all reasonable expenses, including attorneys' fees and disbursements, incurred in connection with responding to the Subpoena and expressly reserves his right to move for payment of fees at any time, including before any production or after such production is complete. *Hinterberger v. Catholic Health Sys. (In re Am. Nurses Ass'n)*, 2016 WL 1381352 at *6 (4th Cir. 2016) (agreeing that Rule 45(d)(2)(B)(ii) of the Federal Rules of Civil Procedure provides that payment of attorneys' fees incurred by a nonparty in responding to a document subpoena can be "shifted" to the party which issued the subpoena); *In re First Am. Corp.*, 184 F.R.D. 234, 241 at *2 (S.D.N.Y. 1998) (a nonparty's legal fees, especially where the work benefits the requesting party, are a cost of compliance reimbursable under Rule 45(c)(2)(B));  *In re L. Firms of McCourts & McGrigor Donald*, No. M. 19-96 (JSM), 2001 WL 345233, at *3 (S.D.N.Y. Apr. 9, 2001) (nonparty respondents were entitled, under the federal rules, to receive in advance the reasonably estimated costs of document production, including attorney's fees); *Kahn v. General Motors Corp.*, No. 88 Civ. 2982, 1992 WL 208286, at *2 (S.D.N.Y. Aug. 14, 1992) (nonparty was awarded reimbursement of legal fees that were incurred "in connection with the retrieval, identification, and review of documents called for by the subpoena").

4.      Mr. Soros objects to the Subpoena to the extent that it seeks the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery ("Privileged Materials").  Mr. Soros objects to the production of Privileged Materials.  Inadvertent production or disclosure

of any Privileged Materials is not intended to be, and shall not operate as or be deemed to be, a waiver of any claim of privilege, protection, or immunity in whole or in part; nor is any such inadvertent production or disclosure intended to be, nor shall it operate as, or be deemed to be, a waiver of the right to object to any use of such Document or of the information contained therein. Mr. Soros also objects to the Subpoena to the extent that it seeks information that is personal, private, confidential, proprietary, and/or competitively sensitive ("Private Communications"). To the extent Mr. Soros produces Documents, he will only do so subject to the Amended Confidentiality Agreement and Protective Order, dated December 16, 2022, found at Dkt. 48. Mr. Soros expressly reserves the right to redact privileged, confidential, proprietary, commercially sensitive, or irrelevant information from any Documents produced in response to the Subpoena.

      5.     Mr. Soros objects to the Subpoena in its entirety on the grounds that it is overbroad as to time. The Subpoena purports to seek Documents without any limitation regarding time periods that are not at issue in this action and thus seeks Documents that are not material and necessary to the prosecution or defense of this action, not reasonably calculated to lead to the discovery of admissible evidence, or otherwise of little or no probative value. For example, the Subpoena purports to seek material regarding Smartmatic's connection to the Venezuelan Government, which is a relationship that appears to exist as far back as 2004 (and potentially earlier). At the same time, the Subpoena places no restriction on searching for documents that post-date the events at issue in the Action (or even post-date the filing of the Complaint on November 3, 2021), despite having no relevance to the conduct at issue.

      6.     Mr. Soros objects to the Subpoena to the extent that it seeks Documents that are: (i) not within Mr. Soros's possession, custody, and/or control; (ii) within the possession, custody, and/or control of the parties to this action; (iii) readily available to the public; or (iv) more

easily attainable from other parties or non-parties.  Mr. Soros objects to the Subpoena to the extent that its requests are duplicative and cumulative of documents sought from Smartmatic in this Action.  Any documents that are in the possession, custody and control of Smartmatic should be requested from, and produced, by the parties to the litigation in the first instance.

7.     Mr. Soros objects to the Subpoena to the extent that it seeks the production of "any" or "all" Documents of a particular type under circumstances in which a subset of such documents would be sufficient to show the pertinent information.  With regards to the Relevant Issues, Mr. Soros will only agree to produce documents sufficient to show the facts related to those issues.

8.     Mr. Soros objects to various definitions in the Subpoena, including:

a.     the definition of the terms "and" and "or" on the grounds that they are vague and ambiguous and/or employ phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "conjunctive and" and "disjunctive or").  Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing these terms objectionable on the bases set forth in General Objections Nos. 1-2 & 5.  Mr. Soros will construe the terms "and" and "or" to have their ordinary meaning.

b.     the definition of the terms "Smartmatic Entity(ies)," "SGO Corporation Limited," "Smartmatic International Holding B.V.," and "Smartmatic USA Corp.," on the grounds that they are vague and ambiguous because they are drafted in a manner that does not describe with reasonable clarity the persons at issue (e.g.,

"representatives") and/or employ phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "agents"). Mr. Soros also objects to these definitions on the grounds that they are so broadly defined as to render those requests containing these terms objectionable on the bases set forth in General Objection Nos. 1-2 & 5. Mr. Soros will construe these terms to mean Smartmatic Entity(ies), SGO Corporation Limited, Smartmatic International Holding B.V., Smartmatic USA Corp., and (to the extent known to Mr. Soros) its personnel.

c.   the definition of the terms "Dominion Entity(ies)," "US Dominion, Inc.," "Dominion Voting Systems Corporation," and "Dominion Voting Systems, Inc."  on the grounds that they are vague and ambiguous because they rare drafted in a manner that does not describe with reasonable clarity the persons at issue (e.g., "representatives") and/or employ phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "agents"). Mr. Soros also objects to these definitions on the grounds that they are so broadly defined as to render those requests containing these terms objectionable on the bases set forth in General Objection Nos. 1-2 & 5. Mr. Soros will construe these terms to mean terms Dominion Entity(ies), US Dominion, Inc., Dominion Voting Systems Corporation, Dominion Voting Systems, Inc., and (to the extent known to Mr. Soros) its personnel.

d.      the definition of the term "Document" which is defined to include "any writing, graphic matter, or other tangible or digital thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, correspondence, memoranda, letters, reports, Communications (as defined above) and Electronically Stored Information (as defined below), correspondence, telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of Persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original now in Your possession, custody or control, or the possession, custody or control of any Your counsel, investors, agents, employees and/or Persons acting on Your behalf," on the grounds that it is vague and ambiguous and/or is subject to varying interpretations.   Mr. Soros also objects on the grounds that it incorporates other defined terms in the Subpoena that are

themselves objectionable (e.g., "Communication") and that it is so broadly defined as to render those requests containing this term objectionable on the bases set forth in General Objections Nos. 1-2 & 5. Mr. Soros will construe the term "Document" consistent with its meaning under Fed. R. Civ. P. 45 and applicable case law.

e.     the definition of the term "Communication" which is defined to include "any written, electronic, or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, email, instant or text message, social media post, blog post, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted orally, in writing, or by any electronic device," on the grounds that it is vague and ambiguous and/or is subject to varying interpretations. Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing this term objectionable on the bases set forth in General Objections Nos. 1-2 & 5. Mr. Soros will construe the term "Communication" to have its ordinary meaning.

f.     the definition of the terms "relating to," and its variants "regarding," "demonstrating," and "supporting" which are defined to include "any connection, association or concern with, or any relevance, relation, pertinence or applicability to or any implication bearing on, the subject matter, whether directly or indirectly," on the grounds

that it is vague and ambiguous and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "any connection, association or concern with").  Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing these terms objectionable on the bases set forth in General Objections Nos. 1-2 & 5.  Mr. Soros will construe the terms "relating to," "regarding," "demonstrating," and "supporting" to have their ordinary meaning.

g.   the definition of the terms "You," "Your," "Yours," and/or "Soros," which are defined to include "George Soros, and shall include any present or former employee, agent, accountant, attorney, expert and/or any other Persons acting, or purporting to act, on behalf of Soros," on the grounds that it is vague and ambiguous and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "agent").  Mr. Soros also objects to this definition as vague and ambiguous because it is drafted in a manner that does not describe with reasonable clarity the persons at issue (e.g., "any other Persons") and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "expert").  Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing these terms objectionable on the bases set forth in General Objection Nos. 1-2, 5 & 6.  Mr. Soros will construe the terms ""You," "Your,"

"Yours," and/or "Soros," to mean Mr. Soros.  For the avoidance of doubt, Mr. Soros objects to the production of any documents or information in the possession, custody or control of the Open Society Institute, or any affiliated entity.

h.     the definition of the term "Electronically Stored Information" or "ESI" which is defined to include "originals and all copies of email; activity listings of email receipts and/or transmittals; voicemail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; social media posts; text messages; instant messages; metadata; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. ESI also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data. All ESI produced in response hereto should be produced in native format," on the grounds that it is vague and ambiguous and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "any connection, association or concern with").   Mr. Soros also objects to this

definition on the grounds that it is so broadly defined as to render those requests containing this term objectionable on the bases set forth in General Objections Nos. 1-2 & 5.  Mr. Soros will construe the terms "Electronically Stored Information" or "ESI" to have their ordinary meaning.

i.      the definition of the term  "Other Media Organizations," which is defined to include "other news, media, and other similar organizations, including but not limited to CNN, CBS, ABC, PBS, The Wall Street Journal, The New York Times, MSNBC, The Washington Post, Fox News, Newsmax, Politico, Vanity Fair, Media Matters, Bloomberg News, The Chicago Tribune, The Los Angeles Times, The Miami Herald, the Times of San Diego and National Public Radio," on the grounds that it is vague and ambiguous and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "similar organizations").  Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing this term objectionable on the bases set forth in General Objections Nos. 1-2 & 5.  Mr. Soros will construe the term "Other Media Organizations" to have its ordinary meaning.

j.      the definition of the term  "2020 Election in the United States," which is defined to include "any election held in the United States on November 3, 2020, including the U.S. Presidential Election and

all voting and related events occurring up to the certification of votes on January 6, 2021, and any down-ballot races or primary elections," on the grounds that it is vague and ambiguous and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "all voting and related events"). Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing this term objectionable on the bases set forth in General Objections Nos. 1-2 & 5. Mr. Soros will construe "2020 Election in the United States" to have its ordinary meaning.

k.      the definition of the term  "person" which is defined to include "a natural person or any business, company, corporation, association, partnership organization, or other legal entity," on the grounds that it is vague and ambiguous and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "other legal entity").   Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing this term objectionable on the bases set forth in General Objections Nos. 1-2 & 5.  Mr. Soros will construe the term "person" to have its ordinary meaning.

l.      the definition of the term  "Litigation," which is defined to include "the above-captioned action, including without limitation all matters set forth in the Complaint, any answers, affirmative defenses, or

counterclaims, and all additional pleadings, motions, discovery, affidavits, or other matter," on the grounds that it is vague and ambiguous and/or employs phrases that embody legal concepts and/or are capable of varying interpretations (e.g., "all matters"), and matters to which Mr. Soros is not privy to (e.g., "discovery"). Mr. Soros also objects to this definition on the grounds that it is so broadly defined as to render those requests containing this term objectionable on the bases set forth in General Objections Nos. 1-2 & 5.  Mr. Soros will construe the term "Litigation" to mean the allegations set forth in the complaint and answer and affirmative defenses in *Smartmatic USA Corp., et al. v. Herring Networks, Inc. d/b/a One America News Network*, 1:21-cv-02900 (D.D.C.).

9.      Mr. Soros objects to Instruction Nos. 22 through 25 to the extent they incorporate defined terms in the Subpoena that are themselves objectionable (e.g., "Document," "Communication," and "You").  Mr. Soros intends to comply with Fed. R. Civ. P. 45 and applicable case law in making any production.  Counsel is willing to meet and confer with the Defendants regarding production format.

10.      Mr. Soros objects to the Subpoena in its entirety on the grounds that it contains or relies on false, erroneous or disputed factual allegations or assumptions or inaccurate legal assertions.  By responding and objecting to the Subpoena, Mr. Soros does not admit such allegations, assumptions or assertions.

11.      Mr. Soros objects to the Subpoena in its entirety to the extent Defendants are attempting to use the Subpoena as a means to obtain discovery for use in proceedings in any

other jurisdiction, or for any use other than this Action.  Any materials produced by Mr. Soros shall only be used in connection with this proceeding.  *See* Amended Confidentiality Agreement and Protective Order, Dkt. 48, Ex. A (¶ 6 (requiring that any materials produced pursuant to the Protective Order "will [be] use[d] only for purposes of this action")).

12. The Specific Responses and Objections set forth below are based upon information presently available to Mr. Soros, and Mr. Soros expressly reserves the right at any time to revise, correct, supplement, modify, or clarify the objections or responses set forth herein. Failure to object herein shall not constitute a waiver of any objection that Mr. Soros may later interpose, including as to future supplemental responses.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

The following Specific Objections and Responses to the "Document Requests" in the Subpoena (the "Requests") shall be deemed to supplement the foregoing Preliminary Statement and General Objections and Responses, all of which are expressly incorporated into the Specific Objections and Responses below and are not in any way limited by the Specific Objections and Responses.  Specific Objections and Responses to the Subpoena's Requests merely reflect Mr. Soros's conclusion that such Request is particularly objectionable for the specific reasons stated therein, and do not waive any other objections.  Mr. Soros's response to the Subpoena's Requests does not constitute a waiver of any privilege, protection, or immunity, or an acknowledgement that information called for by the Requests is discoverable or admissible under Fed. R. Civ. P. 45 or any other applicable law or rules.

<u>**Document Request No. 1**</u>:  All Documents and Communications between You and any Smartmatic Entity, agent, or individual working on behalf of Smartmatic Entities.

<u>**Response to Document Request No. 1**</u>:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement

and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including Smartmatic itself (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(g)):  "Document[s]," "and," "or," "Communication[s]," "You," and "Smartmatic Entity(ies)."  Mr. Soros also objects to the phrase "working on behalf of" as vague, ambiguous and overbroad, and on the grounds that Mr. Soros would have no basis to know whether certain entities or individuals were "working on behalf of" Smartmatic.  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Mr. Soros will produce the materials related to the Relevant Issues (as set forth in the Preliminary Statement), if any, identified after a reasonable search.  Mr. Soros objects to searching for or producing any other materials in response to Request 1.

**Document Request No. 2**:  All Documents and Communications concerning any Smartmatic Entity, agent, or individual working on behalf of Smartmatic Entities.

**Response to Document Request No. 2**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the

basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(d), 8(e)): "Document[s]," "and," "or," "Communication[s],"and "Smartmatic Entity(ies)."  Mr. Soros also objects to the phrase "working on behalf of" as vague, ambiguous and overbroad, and on the grounds that Mr. Soros would have no basis to know whether certain entities or individuals were "working on behalf of" Smartmatic.  Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery. Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome. Mr. Soros also objects to Request No. 2 on the grounds that it is duplicative of documents sought in request No. 1.

Subject to and without waiving the foregoing objections, Mr. Soros will produce the materials related to the Relevant Issues (as set forth in the Preliminary Statement), if any, identified after a reasonable search.  Mr. Soros objects to searching for or producing any other materials in response to Request 2.

**Document Request No. 3**:  All Documents and Communications between You and any Dominion Entity, agent, or individual working on behalf of Dominion Entities.

**Response to Document Request No. 3:**

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated

herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including the Dominion Entities (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(c), 8(d), 8(e), 8(g)):  "Document[s]," "and," "or," "Communication[s]," "You," and "Dominion Entity(ies)."  Mr. Soros also objects to the phrase "working on behalf of" as vague, ambiguous and overbroad, and on the grounds that Mr. Soros would have no basis to know whether certain entities or individuals were "working on behalf of" any Dominion Entities. Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 3, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 4**: All Documents and Communications concerning any Dominion Entity, agent, or individual working on behalf of Dominion Entities.

**Response to Document Request No. 4**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the

Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(c), 8(d), 8(e)): "Document[s]," "and," "or," "Communication[s]," and "Dominion Entity(ies)." Mr. Soros also objects to the phrase "working on behalf of" as vague, ambiguous and overbroad, and on the grounds that Mr. Soros would have no basis to know whether certain entities or individuals were "working on behalf of" any Dominion Entity. Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery. Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 4, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 5**: All Documents and Communications between or concerning You and William E. Kennard.

**Response to Document Request No. 5**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein. Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the

Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including from Mr. Kennard (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(g)):   "Document[s]," "and," "or," "Communication[s]," and "You." Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 5, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 6**:  All Documents and Communications between or concerning You and AT&T, Inc. and/or DIRECTV, LLC, agent or individual working on behalf of AT&T or DIRECTV, LLC.

**Response to Document Request No. 6**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including AT&T or DIRECTV (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(g)):   "Document[s]," "and," "or," "Communication[s]," and "You."

Mr. Soros also objects to the phrase "working on behalf of" as vague, ambiguous and overbroad, and on the grounds that Mr. Soros would have no basis to know whether certain entities or individuals were "working on behalf of" AT&T or DIRECTV.  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 6, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 7**:  All Documents and Communications related to any Smartmatic Entity's or Dominion Entity's connection to the governments of Venezuela, Kenya, the Philippines, China, or any other country outside of the United States.

**Response to Document Request No. 7**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including from any Smartmatic Entity and/or Dominion Entity (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(c), 8(d), 8(e), 8(f)):  "Document[s]," "and," "or," "Communication[s]," "relat[ed] to," "Dominion Entity(ies)," and "Smartmatic Entity(ies)." Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents

protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery.  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 7, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 8**:  All Documents and Communications concerning the 2020 Election in the United States relating to voting equipment or technology, including without limitation any concerns, criticisms, threats, or vulnerabilities relating to the 2020 Election.

**Response to Document Request No. 8**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(f), 8(j)):  "Document[s]," "and," "or," "Communication[s]," "relating to," and "2020 Election in the United States." Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery.  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection

No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production

of Communications, without limitation of time period, that would require an unreasonable

expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and

Objections, Mr. Soros will not search for or produce any materials in response to Request 8, as

these materials are irrelevant to the Soros-related statements alleged to be defamatory in this

Action.

**Document Request No. 9**:  All Documents and Communications concerning and between You
and Lord Mark Malloch-Brown related to the 2020 Election, foreign elections, and Smartmatic
Entities.

**Response to Document Request No. 9**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement

and General Responses and Objections, each of which is incorporated by reference as if fully stated

herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the

basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the

Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are

more readily available from other sources (General Objection No. 6), that it is overly broad as to

time (General Objection No. 5), and that it incorporates the following defined terms which are

themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(d),

8(e), 8(f), 8(g), 8(j)):  "Document[s]," "and," "Communication[s]," "relat[ed] to," "You," "2020

Election [in the United States]," and "Smartmatic Entity(ies)."  Mr. Soros further objects to this

Request to the extent that it seeks the discovery of Documents protected by the attorney-client

privilege, attorney work-product doctrine, or any other applicable privilege, protection, or

immunity from discovery.  Mr. Soros further objects to this Request to the extent it calls for the

production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this

Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 9, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 10**:  All Documents and Communications concerning and between You and Peter V. Neffenger related to the 2020 Election, foreign elections, and Smartmatic Entities.

**Response to Document Request No. 10**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including from Mr. Neffenger (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(d), 8(e), 8(f), 8(g), 8(j)):  "Document[s]," "and," "Communication[s]," "You," "relat[ed] to," "2020 Election [in the United States]," and "Smartmatic Entity(ies)."  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require

an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 10, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 11**:  All Documents and Communications between the Open Society Foundations, or any of Your organizations, and Smartmatic Entities or individuals working on behalf of Smartmatic Entities, including without limitation Lord Mark Malloch-Brown and Peter V. Neffenger.

**Response to Document Request No. 11**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including Smartmatic (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(d), 8(e), 8(g)):  "Document[s]," "and," "or," "Communication[s]," "Your," and "Smartmatic Entity(ies)."   Mr. Soros also objects to the request for Documents and Communications from "Open Society Foundations," which is not a legal entity and has no Documents and Communications.  Mr. Soros also objects to the phrase "working on behalf of" as vague, ambiguous and overbroad, and on the grounds that Mr. Soros would have no basis to know whether certain entities or individuals were "working on behalf of" Smartmatic.  Mr. Soros also

objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Mr. Soros will produce the materials related to the Relevant Issues (as set forth in the Preliminary Statement), if any, identified after a reasonable search.  Mr. Soros objects to searching for or producing any other materials in response to Request 11.

**Document Request No. 12**:  All Documents and Communications relating to your donations, contributions, or support of any Smartmatic Entity, any Dominion Entity, and/or Sequoia Voting Systems, Inc. (or any other Sequoia entity).

**Response to Document Request No. 12**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including from any Smartmatic, Dominion, or Sequoia Entity (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(c), 8(d), 8(e), 8(f), 8(g)):  "Document[s]," "and," "or," "Communication[s]," "Your," "relating to," "Dominion Entity(ies)," and "Smartmatic Entity(ies)." Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery.  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection

No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production

of Communications, without limitation of time period, that would require an unreasonable

expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Mr. Soros will produce

the materials related to the Relevant Issues (as set forth in the Preliminary Statement), if any,

identified after a reasonable search.  Mr. Soros objects to searching for or producing any other

materials in response to Request 12.

**Document Request No. 13**:   All Documents and Communications concerning the Clinton
Foundation or the Clintons related to any investment in voting equipment or technology, including
but not limited to Smartmatic and Dominion Entities.

**Response to Document Request No. 13**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement

and General Responses and Objections, each of which is incorporated by reference as if fully stated

herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the

basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the

Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are

more readily available from other sources (General Objection No. 6), that it is overly broad as to

time (General Objection No. 5), and that it incorporates the following defined terms which are

themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(c),

8(d), 8(e), 8(f)):  "Document[s]," "and," "or," "Communication[s]," "relat[ed] to," "Dominion

Entity(ies)," and "Smartmatic Entity(ies)." Mr. Soros further objects to this Request to the extent

that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-

product doctrine, or any other applicable privilege, protection, or immunity from discovery.

Mr. Soros also objects to this Request on the basis that it purports to require the production of

Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 13, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 14**: All Documents and Communications regarding issues or concerns raised regarding any electronic voting machines, equipment, hardware, software, and/or servers, including but not limited to issues or concerns regarding a potential election security breach, vulnerabilities, or vote tabulation errors.

**Response to Document Request No. 14**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(f)):  "Document[s]," "and," "or," "Communication[s]," and "regarding."  Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery.  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications,

without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 14, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 15**:  All Documents and Communications concerning claims of election fraud, bribery, election hacking, and/or the improper or inaccurate tabulation or counting of votes in the 2020 Election in the United States.

**Response to Document Request No. 15**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(j)):  "Document[s]," "and," "or," "Communication[s]," "2020 Election in the United States."  Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery.  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 15, as

these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 16**:  All Communications with Other Media Organizations regarding Smartmatic Entities, Dominion Entities, the 2020 Election in the United States, or claims of election fraud, election hacking, and/or the improper or inaccurate tabulation or counting of votes.

**Response to Document Request No. 16**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including Other Media Sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(c), 8(e), 8(f), 8(i), 8(j)): "Communication[s]," "Other Media Organizations," "regarding," "Dominion Entity(ies)," and "Smartmatic Entity(ies)," "2020 Election in the United States," "and," and "or." Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 16, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 17**:  All Documents and Communications related to U.S. Representative Carolyn Maloney's 2006 letters to the Secretary of the Treasury and any investigations conducted by the United States Department of Treasury's Committee on Foreign Investment in the United States ("CFIUS") of any Smartmatic Entity including, but not limited to, any sale or security agreements entered into by any Smartmatic Entity with any governmental agencies and any documents relating to any Smartmatic Entity's withdrawal from the CFIUS's investigation.

**Response to Document Request No. 17**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(d), 8(e), 8(f)):  "Document[s]," "and," "or," "Communication[s]," "relat[ed] to," and "Smartmatic Entity(ies)."  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 17, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 18**:  All Documents and Communications relating to any certification of the 2016 or 2020 Presidential Election in the United States.

**Response to Document Request No. 18**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(f), 8(j)):  "Document[s]," "and," "or," "Communication[s]," "relating to," and "2020 [] Election in the United States."  Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery.  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 18, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 19**:   All Documents and Communications relating to the business relationship between You, Your family members, or Your organizations and any Smartmatic Entity, Dominion Entity, and/or Sequoia Voting Systems, Inc. (or any other Sequoia entity), including but not limited to all oral agreements, written contracts, donations, investments, licensing agreements, and any other form of agreement.

**Response to Document Request No. 19**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources, including from any Smartmatic, Dominion or Sequoia Entity (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(g)):  "Document[s]," "and," "or," "Communication[s]," "relating to," "You," "Your," "Dominion Entity(ies)," and "Smartmatic Entity(ies)." Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery.  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Mr. Soros will produce the materials related to the Relevant Issues (as set forth in the Preliminary Statement), if any,

identified after a reasonable search.  Mr. Soros objects to searching for or producing any other materials in response to Request 19.

**Document Request No. 20**:   All Documents and Communications between You and any governmental jurisdiction related to the investigation, review, or analysis of voting equipment or technology, and/or the 2020 Election in the United States.

**Response to Document Request No. 20**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(g), 8(j)):  "Document[s]," "and," "or," "Communication[s]," "You," and "2020 Election in the United States."  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 20, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 21**:   All Documents and Communications between You and any government agency related to the investigation, review, or analysis of voting equipment or technology, and/or the 2020 Election in the United States.

**Response to Document Request No. 21**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(f), 8(g), 8(j)): "Document[s]," "and," "or," "Communication[s]," "relat[ed] to," "You," "2020 Election in the United States."  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 21, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 22**:  All Documents and Communications produced, whether by cooperation or in response to any applicable subpoena or other discovery device related to Smartmatic Entities, Dominion Entities, or the 2020 Election in the United States.

**Response to Document Request No. 22**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(b), 8(c), 8(d), 8(e), 8(f), 8(j)): "Document[s]," "and," "or," "Communication[s]," "relat[ed] to," "Dominion Entity(ies)," "2020 Election in the United States," and "Smartmatic Entity(ies)."  Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 22, as these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

**Document Request No. 23**:   All Documents and Communications related to payments, contributions, grants, gifts, or any other form of funding made by You in connection with the review, monitoring, oversight, or reporting on the 2020 Presidential Election, including all Documents and Communications identifying the recipients of such funding, dates of funding and the amount of funds provided.

**Response to Document Request No. 23**:

Mr. Soros objects to this Request for the reasons stated in the Preliminary Statement and General Responses and Objections, each of which is incorporated by reference as if fully stated herein.  Without limiting the generality of the foregoing, Mr. Soros objects to this Request on the basis that it seeks Documents that are not relevant to the merits of Plaintiffs' claim against the Defendants or any defense thereto (General Objection No. 1), that it seeks Documents that are more readily available from other sources (General Objection No. 6), that it is overly broad as to time (General Objection No. 5), and that it incorporates the following defined terms which are themselves objectionable for the reasons stated above (General Objection Nos. 8(a), 8(d), 8(e), 8(f), 8(g), 8(j)):  "Document[s]," "and," "or," "Communication[s]," "relat[ed] to," "You," "2020 [] Election [in the United States]." Mr. Soros further objects to this Request to the extent that it seeks the discovery of Documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, protection, or immunity from discovery. Mr. Soros further objects to this Request to the extent it calls for the production of Private Communications (General Objection No. 4).  Mr. Soros also objects to this Request on the basis that it purports to require the production of Communications, without limitation of time period, that would require an unreasonable expenditure of time and resources to obtain, and accordingly is overbroad and unduly burdensome.

For the reasons set forth in the Preliminary Statement and General Responses and Objections, Mr. Soros will not search for or produce any materials in response to Request 23, as

these materials are irrelevant to the Soros-related statements alleged to be defamatory in this Action.

Dated: New York, New York
      August 10, 2023

                           By:    */s/ Elizabeth Bower*
                                   Elizabeth Bower

                           WILLKIE FARR & GALLAGHER LLP
                           Elizabeth Bower
                           1875 K Street, N.W.
                           Washington DC 20006-1238
                           (202) 303-1252
                           EBower@willkie.com

                           WILLKIE FARR & GALLAGHER LLP
                           Benjamin P. McCallen
                           Casey E. Donnelly
                           787 Seventh Avenue
                           New York, New York 10019
                           (212) 728-8000
                           bmccallen@willkie.com
                           cdonnelly@willkie.com